**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAYMOND VAUGHT, | No. 09-17561 |
| Plaintiff - Appellant, | D.C. No. 2:05-CV-00718-DGC |
| v. | |
| SCOTTSDALE HEALTHCARE CORPORATION HEALTH PLAN, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Argued and Submitted December 8, 2010
San Francisco, California

Before:  HUG, D.W. NELSON, and McKEOWN, Circuit Judges.

Raymond Vaught appeals the district court's judgment that the Scottsdale

Healthcare Corporation Health Plan (the "Plan") properly denied his claim for

medical expenses under a provision excluding coverage of accidents related to

driving under the influence of alcohol or drugs (the "DUI Provision").  The district

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

court's decision was based on the administrative record, but also noted that the court had previously determined that the introduction of extrinsic evidence was appropriate under *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 943-44 (9th Cir. 1995). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's choice and application of the standard of review to decisions by fiduciaries of an employee benefit plan subject to the Employee Retirement Income Security Act ("ERISA"), and for clear error the district court's underlying findings of fact. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 962 (9th Cir. 2006) (en banc) (citations omitted). We also review de novo the district court's legal conclusions in interpreting provisions of an ERISA benefit plan. *Metro. Life Ins. Co. v. Parker*, 436 F.3d 1109, 1113 (9th Cir. 2006) (citations omitted).

For the reasons stated in its well-crafted order, the district court properly interpreted the DUI Provision in Vaught's favor to exclude coverage of accidents related to driving while legally intoxicated; found that Vaught, whose whole blood alcohol level was almost three times the state's legal limit, was legally intoxicated at the time of his motorcycle accident; and determined after de novo review that the Plan's denial of Vaught's medical expenses was proper.

**AFFIRMED**.